**DURDEN v. GROCE et al.**

**No. 11254.**

Court of Civil Appeals of Texas. Galveston.

July 31, 1941.

Rehearing Denied March 19, 1942.

A. L. Pierson and Harold Kahn, both of Houston, for appellant.

Carl Runge, J. E. Price, and J. V. Wheat, all of Houston, for appellees.

CODY, Justice.

This suit was filed by appellant, in her capacity of administratrix de bonis non of the estate of Jacob Kiehlbauch, deceased, in trespass to try title to and recover possession of 283 acres in Brazoria County. Appellees, Mrs. Kittie Nash Groce and the Federal Land Bank of Houston, were defendants. The answer of the Land Bank consisted of a general denial, a plea of not guilty, and it urged the ten-year statute of limitation; the Land Bank also filed a cross-action, wherein it sought to remove the cloud from the title to said land or in the alternative to establish and foreclose a deed of trust lien dated September 20, 1923, against the appellant, said administratrix, and against Barbara Kiehlbauch Whitmire, individually and as community survivor of her former husband, the said Jacob Kiehlbauch, and as administrator of his estate; and Carl Whitmire, husband of Barbara Kiehlbauch Whitmire, was joined pro forma as defendant in the suit. Appellee, Mrs. Groce, answered by the same pleas as did the Land Bank and she also adopted the cross-action of the Land Bank.

The trial was had without the aid of a jury. During the trial appellees dismissed the first count of their cross-action, thereby cutting down their cross-action to the count which sought to establish and foreclose a deed of trust lien dated September 20, 1923, against the land. The court rendered judgment against the appellant and in favor of appellees in the main action, upon the finding that appellants' action, if any she had, was barred by the ten-year statute of limitation, and upon the finding that appellees owned the record title to an undivided one-half of the land involved. On appellees' cross-action, the court rendered judgment in favor of appellees and against appellant and against defendant A. W. Bertram (who suffered judgment to be taken by default), and against defendants Mr. and Mrs. Whitmire, in the capacities in which they were sued, establishing and foreclosing the debt and lien (which will be more fully referred to hereafter), but also adjudging, in effect, that no part of the debt so established should be made out of any property other than the aforesaid land.

■ No statement of facts has been filed in this case. But the trial court filed findings of fact, which are not excepted to, and conclusions of law. In such circumstances it is too well settled to require citation of authority, that the judgment of the trial court will be presumed to be supported by evidence unless, of course, the contrary is made to appear; and that the findings of fact are binding upon the appellate court.

Appellant urges numerous assignments of error. If the court was correct in finding that appellant's suit was barred, and that appellees and those under whom they claim had acquired title to the land by the ten-year statute, appellant's assignments of error which go to the merits of the litigation and not to procedure necessarily fall. We will first consider whether the court's judgment aforesaid is sustained by the record.

The land here involved was acquired as community property belonging to Jacob and Barbara Kiehlbauch, subject to a vendor's lien securing the purchase money note. On March 4, 1922, Jacob Kiehlbauch made a written application to the Land Bank for a loan to pay off the vendor's lien indebtedness and past due taxes. Before the transaction could be completed, and in the latter part of March, 1922, Jacob Kiehlbauch died intestate. Thereafter his widow, Barbara Kiehlbauch, joined in the application for the loan, signing it individually and as community survivor. Her loan was finally approved, but before the note and deed of trust were executed, and unknown to the Bank, she took out a general administration on the estate of her deceased husband. On September 20, 1923, notwithstanding she had qualified as administratrix of the estate of Jacob Kiehlbauch, she executed the note and deed of trust to the Land Bank as survivor in community, and not as general administratrix of the estate of her deceased husband. The amount of the loan was $4,200, and, to the extent that the loan was used to pay off outstanding past due taxes and past due purchase money obligations, appellees sought, by their cross-action, to recover said indebtedness and to foreclose the liens securing its payment.

At this point it should be stated that nothing whatever was ever done in connection with said administration until shortly before the filing of this suit, some 15 years later. The administratrix de bonis non,

i. e., the appellant, then qualified, and brought this suit. It appears that the only property which it is claimed that the estate owns is the land here involved, and the only indebtedness (and as to it appellant pled limitations) that the estate owes is the note given the Land Bank on September 20, 1923.

It further appears that on March 12, 1925, the Land Bank assigned an installment of its loan to one Adolph Fenske; and the trustee, named in the deed of trust, thereafter advertised and sold the land to satisfy the indebtedness represented by said installment. On April 8, 1925, a trustee's deed was executed and delivered to Adolph Fenske, which recited that said grantee assumed the balance then due the Land Bank. This assumption was not known to or accepted by the Land Bank. By deed dated January 13, 1926, duly filed for record, Fenske conveyed the land to A. W. Bertram who assumed the balance due the Land Bank. From the time A. W. Bertram acquired his deed in January of 1926 until he lost his rights by foreclosure sale in December, 1935, he was in possession of the land by tenants, holding same adversely as against the world. The Land Bank went into possession the day it bought the property at foreclosure sale, which was the day A. W. Bertram went out of possession. The Land Bank thereafter duly received a trustee's deed to the property, and it held said property adversely as against the world until it conveyed the property to appellee, Mrs. Groce, on June 12, 1936, and she has continued to hold said property adversely. The court found as a fact that the trustee's sale of the property at the foreclosure sale in December, 1935, was sufficient to, and did tack the adverse possession of the Land Bank to the prior adverse possession, Bertram having assumed the Land Bank debt and lien. It may be added that the court's findings fully support the judgment that appellees had acquired adverse possession through the Land Bank.

■ R.S. Article, 5516 provides: "Peaceable and adverse possession need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them." It is further the law that: "Privity of possession between successive occupants or possessors of land is shown to have existed, apparently, by proof that the earlier occupant's possession and claim passed or

was transferred to the later occupant by agreement, gift, devise or inheritance." 2 Tex.Jur. 169.

It is well settled that when Bertram assumed the payment of the debt and the Bank accepted such assumption, he thereby became bound by the deed of trust lien, even if it were void as against vendor. Bookhout v. McGeorge, Tex.Civ. App., 65 S.W.2d 512, 513. The foreclosure was valid, therefore, as against Bertram beyond all question; and every right owned by Bertram in said land was passed by the foreclosure, and trustee's deed pursuant thereto. Such trustee's deed to the Land Bank created a privity of estate between Bertram and the Land Bank. The legal relation between Bertram and the Land Bank resulting from said foreclosure and trustee's deed was one which will support the court's finding of fact that the adverse possession of the Land Bank was tacked to the adverse possession of Bertram. Since the question of whether the adverse possession of a defendant, and those under whom he claims, has ripened into a good limitation title is a fact question, and the court has here found such limitation title in appellees—in the absence of a statement of facts—such finding is binding on this Court. We have carefully considered appellant's remaining contentions and assignments of error and overrule them as being without merit.

It is unnecessary for us to pass on whether the judgment of the court finding that, in addition to owning title to the property by adverse possession, appellees owned a record title to an undivided half interest therein. If appellees own a good limitation title to the property, we can see no point in determining whether or not they also own a record title to a part of it. The judgment entered in this case is binding only on the parties to the suit, and the rights which they represent. We decline therefore to rule on whether appellees own a record title to an undivided interest as being purely an academic question, the determination of which will settle and fix no rights.

The defendants to appellees' cross-action, other than appellant, have not appealed. The judgment of the trial court on such cross-action is therefore binding on said non-appealing defendants. Said judgment awards recovery to the Land Bank for the amount of the note, principal, interest and attorney's fees, and decrees foreclosure, but provides that the recovery so awarded shall be limited to such sum as the Land Bank shall make out of foreclosing on the land which is adjudged to belong to appellees. Unless it be made to appear, upon motion for rehearing, that some useful purpose will be served by this Court determining whether this position of the judgment is correct, we must decline to pass thereon.

The judgment of the trial court in favor of appellees and against appellant in the main action is affirmed. But that part of the judgment which awarded appellees recovery on their cross-action as against appellant will be reversed and the cross-action as between appellant and appellees dismissed.

Affirmed in part and in part reversed and dismissed.

### On Motions for Rehearing.

We have carefully considered the motions for rehearing and have concluded both should be refused. An admission in appellees' motion shows that their suit for foreclosure was rendered moot by their recovery of the title, for they frankly state that they do not recognize the right in any one to pay off the indebtedness and redeem the land. Certainly they have the right to decline to permit the land to be redeemed, for they own it. But if they own the land so as to enable them to refuse to permit it to be redeemed, they own no lien thereon which they are entitled to foreclose, for the right of the lienholder to foreclose is correlative to the right of the debtor or his successor in interest to redeem. We have been able to find no case in point. But it is clear on principle that no right can exist to foreclose where there is no equity of redemption to be foreclosed.

Motions refused.